IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**GEORGE ELIAS CHAVEZ**,

      Plaintiff,

**vs.**                                           Civ. No. 12-399 JCH/RHS

**THE NAVAJO NATION, A/K/A
THE NAVAJO TRIBE OF INDIANS,**

      Defendant.

### MEMORANDUM OPINION AND ORDER DISMISSING COMPLAINT

**THIS MATTER** comes before the Court on pro-se Plaintiff George Elias Chavez's *Application to Proceed in District Court without Prepaying Fees or Costs* (hereinafter called "motion to proceed IFP"), filed April 16, 2012 (Doc. 3), and on the Court's concomitant obligation "to review the affidavit and screen [his] case under 28 U.S.C. §§ 1915(a) and (e)." *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1311 (10th Cir. 2005).  Screening the case under § 1915(e) includes determining whether "the allegation of poverty is untrue" as well as determining whether the action "is frivolous or malicious, . . . fails to state a claim on which relief may be granted; or [] seeks monetary relief against a defendant who is immune from such relief."  § 1915(e).  "[I]n order to succeed on a motion to proceed IFP, the movant must show a financial inability to pay the required filing fees, as well as the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised in the action." *Lister*, 408 F.3d at 1312.   If the Court determines that "the allegation of poverty is untrue," or that a complaint filed without the prepayment of filing fees fails to state a cognizable claim, it must dismiss the case.  *See* § 1915(e)(2)(A), (B); *Trujillo v. Williams*, 465 F.3d 1210, 1217 n. 5 (10th Cir. 2006) (noting that dismissal of complaints under § 1915(e) is now mandatory).

Regarding the ability-to-pay prong of the IFP analysis, IFP status should be granted only if a plaintiff demonstrates that he "cannot because of his poverty pay or give security for the costs . . . and still be able to provide himself and dependents with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).  Chavez, who is 65 and single with no dependents, states that he receives $150/month as income from property; $350/month in retirement pensions; $1037/month in Social Security disability payments, and $535/month in PERA retirement benefits, for a total income of $2062/month.  *See* Doc. 3 at 1-2.  He has $300 in cash and about $350 in the bank.  *See id.* at 3.  He alleges that he has monthly expenses of $1100 for rent; $75 for utilities, $100 for food, and $220/month for health insurance.  The Court does not find credible his claim that he spends $260/month for car insurance on his 1999 Chevrolet that he says is worth $200.  *See* Doc. 3 at 3, 4.  The Court concludes that, on these facts, Chavez's allegation of poverty is untrue.  He has not shown that he cannot pay both for the filing fees and for the necessities of life, and his motion to proceed IFP must be denied and the Complaint must be dismissed.  *See* § 1915(e)(2)(A); *Trujillo v. Williams*, 465 F.3d at 1217 n. 5.

Even if Chavez could show that he is too poor to pay filing fees, the Court would deny permission to proceed IFP and dismiss his Complaint.  Chavez, a non-indian, is suing the Navajo Nation for alleged "unlawful and abusive discharge;" "wrongful denial of access to the tribal grievance process," and "violation of civil rights."  *See* Complaint at 2-4.  He claims that, in February 1987, Michael Upshaw, the attorney general for the Navajo Nation Department of Justice, unlawfully terminated Chavez's employment as a law clerk for the Navajo Nation without cause.  *See id.*; *id.* at 8-9; *see also* Doc. 1, Att. 1 at 1, 9 (findings of fact in support of an order denying the Defendants' motion to dismiss, issued August 22, 1989 by the Window Rock Judicial District Court of the Navajo Nation). After Kim Williams, the personnel director, refused to accept the filing of

his grievance or to provide a post-termination hearing in violation of the Navajo Personnel Policies and Procedures, he filed suit against them and the Navajo Nation in the Navajo Tribal District Court in June 1987.  *See id.* at 8-9; *see also* Doc. 1, Att. 1 at 1.  The parties litigated in the Navajo District Court for the next nine years, until the court apparently granted summary judgment in 1996 in favor of the Defendants on Chavez's discrimination claims.  *See* Doc. 1, Att. 2 at 1, ¶ 11.  In 2007, Chavez requested that the Tribal Court rescind its order and grant him a medical disability.  *See id.* at ¶ 12.  At some unidentified point, the parties settled the litigation, and the Tribal Court ultimately granted the Defendants' motion to dismiss on May 6, 2010.  *See* Doc. 1 at 9, 11 (stating that Chavez signed a "settlement agreement" under medical duress that "provided $10,000 in cash and a $40,000 Deferred Annuity, to be paid after ten years").  Chavez seeks reinstatement to his prior employment position with backpay and benefits, and nullification of the "settlement contract."  Complaint at 5.

"The party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter."  *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004).  Chavez filed his Complaint using a form complaint for cases brought under 42 U.S.C. § 1983, and he alleges jurisdiction solely under that statute and 28 U.S.C. § 1343(c).  *See* Complaint at 1-2.

"The fact that Indian tribes enjoy limited sovereign immunity from suit is well-established."  *Tenneco Oil Co. v. Sac & Fox Tribe of Indians of Okla.*, 725 F.2d 572, 574 (10th Cir. 1984).  Accordingly, a plaintiff must show that a tribe has waived that immunity.  *See id.*  Chavez has not pointed to anything indicating that the Navajo Tribe has waived its immunity from suit in federal court in this case.  Further, "a Native American Tribe, like a State of the United States, is not a 'person' subject to suit under 42 U.S.C. § 1983."  *Inyo County, Cal. v. Paiute-Shoshone Indians of the Bishop Community of the Bishop Colony*,  538 U.S. 701, 7040 (2003).  Therefore, Chavez has failed to state a cognizable claim under § 1983.

In addition, the statute of limitations has long run on any suit brought under any statute or under the common law for the actions of which Chavez complains, which occurred in 1987. Further, Chavez's Complaint establishes that he has already sued the Defendant in Navajo Tribal Court, and he points to no statutes or other legal authority giving this Court appellate jurisdiction over the final decision apparently issued in May 2010. Finally, Chavez's Complaint demonstrates that he accepted the benefit of the settlement agreement arising from that litigation, and it appears that the Tribal Court denied his request made in 2010 to rescind that agreement. *See* Doc. 1 at 8-10 (excerpt apparently taken from Chavez's brief filed in Tribal Court noting that the litigation had been going on for 23 years at the time the brief was filed and seeking rescission of the settlement agreement).

Chavez has failed to invoke the subject-matter jurisdiction of this Court, and his case must be dismissed. *See* FED. R. CIV. P. 12(h)(3) (providing that a federal court must dismiss a case at any time if it determines that it "lacks subject-matter jurisdiction"); *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974) ("A court lacking jurisdiction cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking. . . . If the parties do not raise the question of lack of jurisdiction, it is the duty of the federal court to determine the matter *sua sponte*. Therefore, lack of jurisdiction cannot be waived and jurisdiction cannot be conferred upon a federal court by consent, inaction or stipulation.") (internal citations omitted).

**IT IS ORDERED** that Chavez's motion to proceed IFP [Doc. 3] is DENIED and his case is DISMISSED without prejudice for lack of subject-matter jurisdiction.

_____
UNITED STATES DISTRICT JUDGE